JACK D. CAMPBELL
Attorney at Law
Nevada State Bar #4938
418 River Flow Ct.
Reno, NV 89523
(775) 219-6699
*Attorney for Plaintiffs Apryl McElroy and Jessica Troup*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| APRYL MCELROY AND JESSICA TROUP,<br><br>Plaintiffs,<br><br>vs.<br><br>RENO POLICE SERGEANT PAUL D. SIFRE (RET.), an individual and in his capacity as an employee of CITY OF RENO, RENO CHIEF OF POLICE JASON D. SOTO (RET.), an individual and in his capacity as an employee of the CITY OF RENO, CITY OF RENO, a municipal corporation organized and existing under the laws of the state of Nevada, and its division the CITY OF RENO POLICE DEPARTMENT, a Nevada law enforcement agency, and Does 1 through 20, inclusive,<br><br>Defendants.       / | CASE NO.:  3:23-cv-00451-ART-CSD<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs Apryl MCELROY and Jessica TROUP, by and through their undersigned counsel, Jack D. Campbell, Esq.; Defendants, CITY OF RENO, RENO POLICE DEPARTMENT, and JASON SOTO, by and through their undersigned counsel, Karl S. Hall, Reno City attorney and Holly S. Parker, Deputy City Attorney; and Defendant PAUL D. SIFRE, by and through his undersigned counsel, Ronald J. Dreher, Esq. (collectively "the Parties"), hereby agree and stipulate to the entry of a Protective Order as follows:

I.  Reason for the Order: The Parties have requested or may request production of documentation that the Parties contend includes confidential information or highly personal private information, including but not limited to Internal Affairs files, photographs, employment records, personnel records, medical records, compelled statements, and possibly other documentation that the Parties would object to production of as confidential and private documentation, or for which they may seek a protective order, if the documentation described herein were not protected by this Stipulated Protective Order. The purpose of this Stipulated Protective Order is to facilitate the Parties in the discovery process. However, the mere existence of this Protective Order does not waive Defendants' right to object to production and redact certain documentation or information. If any such objection is made and the parties are unable to agree, the production or protection of the documentation or information shall be submitted to the Court for review and decision concerning production or protection.

II.  Confidential Documentation and Information:

A.  The Parties may subject any documentation they have previously produced or produce hereafter, or that any non-party produces in response to a subpoena or otherwise, to the protections of this Stipulated Protective Order by:

1.  Marking any document or response to discovery which that party considers in good faith to contain information subject to protection under the Federal Rules of Civil Procedure or Nevada law as "confidential" by stamping the relevant page or as otherwise set forth herein. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.  A party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material.

3.  A party may also designate in writing, within twenty (20) days after receipt of discovery responses or of a deposition transcript that specific pages of the transcript and/or specific responses be treated as "confidential" documentation or information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the Parties shall follow the procedures described in paragraph VIII below. After any documentation or

**Jack D Campbell**
*Attorney at Law*
*418 River Flow Ct.*
*Reno, NV 89523*

information has been designated as confidential, the designated documentation or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph VIII below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specific confidential designation.  The documents subject to the claim of confidentiality shall be identified either by clearly describing the document or by referring to the document by its Bates-stamp numbers, (e.g., COR-0000).

        4.     A party may designate as "confidential" documents or discovery materials produced by a non-party by providing written notice to all Parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or other discovery materials.  Any party may voluntarily disclose to others without restriction any information designated by that party as confidential, although a document may lose its confidential status if it is made public by the party designating the information as confidential.

        B.     Documents designated as set forth above shall hereafter be referred to as the "confidential documentation."  The term "confidential documentation" shall include any information ("confidential information") obtained from the confidential documentation, and this Stipulated Protective Order prohibits the use or disclosure of such confidential information to the same extent as the confidential documentation.

III.     General Prohibition:

Confidential documentation and information shall be used solely for the preparation, prosecution and defense of the present case.  Except as specified in Paragraph IV below, access to confidential documentation and information shall be limited to the Court, its officers, court reporters, counsel for the parties and counsel's staff, the parties' litigation representatives and principals, their staff members assisting in the preparation, prosecution and defense of this case, any authors or recipients of the confidential documentation, and witnesses.  Except as specified below, no person with access to confidential documentation or information shall reveal or discuss such confidential documentation or information to or with any person who is not entitled to receive such information, except as set forth herein.

   IV. Third Party Access: Counsel for any party may give access to the confidential documentation or information to independent experts and their staff, consulting firms, or other independent contractors actually retained or employed to advise or assist such counsel and to whom it is necessary that the confidential documentation and information be disclosed for purposes of this case, provided that:

   A. Before access to the confidential documentation and information are given to any person pursuant Section IV, that person shall be informed by counsel proposing to give access of, and shall agree to be bound by, the following provisions:

    1. He or she shall not disclose the confidential documentation or information to any person to whom this Stipulated Protective Order does not provide access.

    2. He or she shall make no copies, compilations, or summaries of the confidential documentation and information, except in connection with the preparation, prosecution and defense of this case and if such copies, compilations or summaries are made, neither those documents, nor the information contained therein shall be disclosed to any person other than those permitted by this Stipulated Protective Order.

    3. He or she shall return all copies, compilations, or summaries of the confidential documentation and information contained therein to the attorney for the party who provided the confidential documentation or information, or erase and destroy all copies (including electronic copies), compilations, or summaries containing confidential documentation or information.

   B. Before a party or the party's counsel gives access to confidential documentation and information to any person under Paragraph VI, or the person shall execute and provide to counsel proposing to give such access, a declaration (in the form of Exhibit A) that he or she has read this Stipulated Protective Order, and that he or she agrees to be bound by its provisions. The declaration shall be retained by counsel for the party so disclosing the confidential documentation and made available upon request for inspection by counsel for any of the other parties during the pendency of the action. This Paragraph and the requirement to execute a declaration in the form of Exhibit A does not apply to any persons with access to confidential documentation or information described in Paragraph III.

**Jack D Campbell**
*Attorney at Law*
*418 River Flow Ct.*
*Reno, NV 89523*

V.     Amendment: This Stipulated Protective Order shall prohibit disclosure to all persons other than those set forth herein. The parties may amend this Stipulated Protective Order upon consent or upon application to the Court in which this action is pending. Subsequent parties to this litigation may be given documents subject to this Stipulated Protective Order, provided they first file with the court a Stipulation to be bound by the terms of this Stipulated Protective Order.

VI.    Use of Confidential Documentation: Nothing in this Stipulated Protective Order shall prohibit counsel for the parties from using any of the confidential documentation and information in connection with any deposition, application, motion, hearing, or trial in this action, provided that in the event that any such documentation or information is used in connection with a deposition, or filed or otherwise lodged with the Court, it shall be filed or lodged under seal pending further order and shall be labeled, **"CONFIDENTIAL - NOT TO BE DISCLOSED EXCEPT SUBJECT TO STIPULATED PROTECTIVE ORDER."** In the event any confidential documentation or information is used in connection with a deposition, the deposition shall be conducted outside the presence of any person not directly involved in litigation other than the court reporter and persons agreed to between the parties. All portions of the deposition transcript and exhibits relating to the confidential information and documents referenced herein shall be designated, **"CONFIDENTIAL**."

VII.   Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with the Court's electronic filing procedures in accordance with LR IA 10-5. Notwithstanding any agreement among the Parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).

VIII.  The Parties agree and stipulate that the designation of any document or documents as "confidential" pursuant to this Stipulated Protective Order may be challenged by any other Party to this lawsuit. A party disputing documentation designated as "confidential" will give written notice of the same within fourteen days of the receipt of the designation. The parties further agree that within ten days of notice of objection to designation as "confidential" the objecting party will

**Jack D Campbell**
*Attorney at Law*
*418 River Flow Ct.*
*Reno, NV 89523*

file an appropriate motion with the Magistrate Judge for the Court's determination of appropriate designations. The failure to do so will constitute a waiver of the objections.

IX. Notwithstanding any challenge to the designation of material as confidential documentation or information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one the following occurs:

a. The party who claims that the material is confidential documentation or information withdraws such designation in writing; or

b. The Court rules the material is not confidential.

X. All provisions of this Stipulated Protective Order restricting the communication or use of confidential documentation and information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Within thirty (30) days after any judgment is entered in this matter, resolution is reached, or the appeal process is concluded, whichever is later, all confidential documentation or information received by a party including all notes, transcripts, tapes, other papers, and any other medium containing, summarizing, excerpting, or otherwise embodying any confidential documentation or information as defined herein, or its contents so furnished, subject to future revision by the Court or parties hereto, shall be returned to the attorney for the designating party or erased and- destroyed. This requirement does not include work-product of legal counsel, or information contained in pleadings, deposition transcripts, or correspondence, which shall be maintained in confidence.

XI. Should any party who is not a party to this Stipulated Protective Order seek access to the confidential documentation or information referenced herein, by request, subpoena, or otherwise, from any party to the Stipulated Protective Order, the party to this Stipulated Protective Order from whom the information is requested shall: (a) promptly notify the party that designated the confidential documentation or information of the request or subpoena; and shall (b) inform the requesting party of the existence of this Stipulated Protective Order.

XII. Nothing herein shall be deemed to waive any applicable privilege or work-product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection.

**Jack D Campbell**
*Attorney at Law*
*418 River Flow Ct.*
*Reno, NV 89523*

XIV.   The terms of this Stipulated Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

This Stipulation shall be effective upon signing and shall be made an order of this Court.

DATED this 16th day of January 2024.                    DATED this 16th day of January 2024.


By: /s/ Jack D. Campbell                                         By: /s/ Holly S. Parker
JACK D. CAMPBELL                                               CITY OF RENO
Attorney at Law                                                       City Attorney's Office
Nevada State Bar #4938                                         Holly S. Parker, Deputy City Attorney
418 River Flow Ct.                                                   Nevada State Bar #10181
Reno, Nevada 89523                                              1 E. 1st Street, 3rd Floor
*Attorney for Plaintiffs*                                             Reno, NV  89501
                                                                              *Attorneys for Defendants City of Reno,*
                                                                              *Jason D. Soto and Reno Police Department*

DATED this 16th day of January 2024.


By:  /s/ Ronald J. Dreher
Ronald J. Dreher, Esq.
PO Box 6494
Reno NV 89513
*Attorney for Paul D. Sifre*

## ORDER

The matter of this Stipulated Protective Order having come before this Court by stipulation of the parties and for good cause being shown therein:

IT IS SO ORDERED.

Dated this 17th day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# CERTIFICATION

I hereby certify my understanding that confidential documentation or information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated _____ \_\_\_\_, 2023, in *Apryl McElroy and Jessica Troup v. Reno Police Sergeant Paul D. Sifre (Ret.), et al.*, No. 3:23-cv-00451-ART-CSD.  I have been given a copy of that Stipulated Protective Order and read it.  I agree to be bound by the Stipulated Protective Order.  I will not reveal the confidential documentation or information to anyone, except as allowed by the Stipulated Protective Order.  I will make no copies, compilations, or summaries of the confidential documentation and information, except in connection with the preparation, prosecution and defense of this case and if such copies, compilations or summaries are made, neither those documents, nor the information contained therein shall be disclosed to any person other than those permitted by this Stipulated Protective Order.  I will maintain all such confidential documentation or information—including copies, notes, or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after I am notified of the conclusion of this action, I will return the confidential documentation or information—including copies, notes, or other transcriptions made therefrom—to the attorney for the party who provided me with the confidential documentation or information or I will erase and destroy all copies (including electronic copies), compilations, or summaries containing confidential documentation or information.  I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Stipulated Protective Order.

DATED: _____.                                   _____