UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| APRYL MCELROY and JESSICA TROUP,<br><br>Plaintiffs,<br>v.<br><br>RENO POLICE SERGEANT PAUL D. SIFRE (RET.), an individual and in his capacity as an employee of CITY OF RENO; RENO CHIEF OF POLICE JASON D. SOTO (RET.), an individual and in his capacity as an employee of CITY OF RENO; CITY OF RENO, a municipal corporation organized and existing under the laws of the state of Nevada, and its division the CITY OF, and Does 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:23-CV-00451-ART-CSD<br><br>ORDER ON DEFENDANTS' MOTION FOR CLARIFICATION AND PLAINTIFFS' MOTION TO STRIKE (ECF No. 77, 79) |

Plaintiffs Apryl McElroy and Jessica Troup bring this action against Defendants Sergeant Paul Sifre, the City of Reno, and Reno Chief of Police Jason Soto.[1] Plaintiffs bring claims Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e for sexual harassment based on a hostile work environment theory, and under state law for Negligent Supervision, Training, and Retention.

Before the Court is Defendant Paul Sifre's Motion for Clarification of the Court's Order on the Defendant's Motion for Summary Judgment. (ECF No. 77.) Defendant Sifre seeks clarification from the Court regarding Plaintiff's Title VII claims maintained against him as an individual. In response, Plaintiffs filed a Motion to Strike the Motion for Clarification for violating Local Rule 7-2(g), prohibiting supplementation without leave of court. The Court grants the

---

[1] Plaintiffs also brought this action against Reno Police Department, which was dismissed as a Defendant in the Court's prior order. (ECF No. 65.)

1

Defendant's Motion for Clarification and denies the Plaintiffs' Motion to Strike.

## I. LEGAL STANDARD

There is no specific Federal Rule of Civil Procedure that governs the standards for a motion for clarification. "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Spikes v. Simpson,* 2:23-CV-02128-CDS-MDC, 2025 WL 2408716, at *4 (D. Nev. Aug. 19, 2025) (citing *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.,* 315 F. Supp. 3d 90, 99 (D. D.C. 2018)). "Such motions are appropriate when parties are uncertain about the scope of a ruling or when the ruling is reasonably susceptible to differing interpretations." *Id.* (citing *Walker v. Wolf*, 4:22-CV-00222-DCN, 2024 WL 1746045 (D. Idaho Apr. 23, 2024)).

## II. ANALYSIS

Defendant Sifre's Motion for Clarification asks the Court whether its conclusion that Defendant Soto cannot be sued in his individual capacity under Title VII also applies to Plaintiffs' Title VII claims against Defendant Sifre. (ECF No. 77.) Plaintiffs argue that Defendant Sifre's Motion for Clarification is in fact a supplement to his Joinder (ECF No. 58) because it offers "new legal citations and arguments for relief," and that he essentially waives the ability to be protected by Title VII's prohibition on individual liability by not raising it in his original motion. (ECF No. 79.) The Court disagrees. As a matter of law, employees cannot be sued in their individual capacity under Title VII, and defendants do not need to raise the issue for it to apply. *Lum v. Kauai Cnty. Council,* CIV. 06-00068 SOMLEK, 2007 WL 3408003 (D. Haw. Nov. 9, 2007), *aff'd,* 358 Fed. Appx. 860 (9th Cir. 2009) (finding that even though defendant did not argue that he could not be held individually liable for Title VII in his summary judgment motion, he could still not be found individually liable).

Defendants may not be sued in their individual capacities under Title VII, *Nouchet v. Mandalay Corp.,* No. 2:16-CV-00712-GMN-CWH, 2017 WL 985648, at

*2 (D. Nev. Mar. 14, 2017) (citing *Ortez v. Washington Cnty.*, 88 F.3d 804, 808 (9th Cir. 1996)). And because Plaintiffs sue Defendant Sifre and his employer, a court may dismiss the claim against the officer as "unnecessarily repetitive." *Id.* Therefore, the Court grants Defendant's Motion for Clarification and grants summary judgment with respect to Defendant Sifre as to Plaintiffs' Title VII claims.

**I.    Conclusion**

It is therefore ordered that Defendant Sifre's Motion for Clarification (ECF No. 77) is GRANTED.

It is further ordered that Plaintiffs' Motion to Strike (ECF No. 79) is DENIED.

It is further ordered that summary judgment is GRANTED in favor of Defendant Sifre as to Plaintiff's Title VII claim against him.

Dated this 7th day of November 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE